Phyllis ROMAGUERA; et al., Plaintiffs,

Phyllis Romaguera, Plaintiff–Appellee,

v.

Jon GEGENHEIMER, Clerk of Court, 24th Judicial District Court, Ex Officio Recorder of Mortgages and Conveyances, Parish of Jefferson, State of Louisiana; et al., Defendants,

Jon Gegenheimer, Clerk of Court, 24th Judicial District Court, Ex Officio Recorder of Mortgages and Conveyances, Parish of Jefferson, State of Louisiana, Defendant–Appellant.

No. 97–30866.

United States Court of Appeals, Fifth Circuit.

March 5, 1999.

Samuel S. Dalton, Jefferson, LA, Julian R. Murray, Jr., Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, for Plaintiff-Appellee.

Haywood H. Hillyer, III, New Orleans, LA, for Defendant-Appellant.

ON PETITION FOR REHEARING EN BANC

Before REYNALDO G. GARZA, JONES and DeMOSS, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc BY APPELLANT JON GEGENHEIMER as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the Panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED.R.APP.P. and 5th Cir. R. 35), the petition for Rehearing En Banc BY APPELLANT JON GEGENHEIMER is DENIED.

However, to clarify the opinion, we are substituting the last paragraph on page 6 with the following paragraph.

We hold that the district court's acknowledgement of Romaguera's request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2). Had the district court refrained from giving the impression that a hearing would be scheduled by the court, Romaguera would have been required to file the motion under Rule 54(d)(2). As a consequence of the court's acknowledgement of the request, together with its indication in its order that a hearing would be held thereon, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date.